UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS, | No.  2:18-cv-2261 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY, et al., | |
| Defendants. | |

Plaintiff Robert Gibbs proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a motion to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff challenges conditions of his prior incarceration in the Shasta County Jail.  Because he is no longer incarcerated, plaintiff has submitted a non-prisoner application to proceed in forma pauperis.  ECF No. 9.  For the reasons that follow, the undersigned directs plaintiff to submit additional information in support of his application.

In his current application to proceed in forma pauperis, plaintiff avers that he is unemployed but made approximately $3200 within the last six months doing odd jobs and received approximately $750 as gifts from friends.  He has no money in a checking or savings account.  Plaintiff states he is "homeless, living in my car."  He states that he owns a 1998 Toyota 4Runner valued at $2000, and "land in Shasta County (worth $72,000)."  His regular expenses are "car insurance, maintenance, fuel."  He has no debts and no dependents.

1      The federal in forma pauperis statute provides in pertinent part:

> [A]ny court . . . may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The Supreme Court has ruled that "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Applicants should not be required to contribute "the last dollar they have or can get, and thus make themselves and their dependents wholly destitute." Id. However, a civil litigant does not qualify for in forma pauperis status if the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2).

Plaintiff's land appears to be a significant asset, particularly in light of plaintiff's lack of debt and the fact he has no dependents and very limited expenses. His application does not state whether the land is developed. In prior applications to proceed in forma pauperis filed in other cases plaintiff stated that he owned a "home" valued at $52,500. See e.g. Case No. 2:18-cv-02262 MCE EFB P, ECF No. 14 (February 2019); and Case No. 2:18cv02817 JAM DB P, ECF No. 9 (April 2019). He did not separately indicate that he owned land. Are these the same property? If so, why is plaintiff not living there? If he has a home but is not living in it, is he receiving rent payments?

It appears that plaintiff has routinely been granted in forma pauperis status in his several cases filed in this court. However, "real property may be used as security for the filing fee. See Estate of Bell v. Rose, 2007 WL 470560, *3 & n.9 [2007 U.S. Dist. LEXIS 9496] (E.D. Cal. 2007) [ Case No. 2:06-cv-2468 FCD GGH PS] (noting that plaintiff was unemployed and had no cash, but inferring that, had his real property not been the subject of the lawsuit *sub judice*, the court would have denied plaintiff's IFP application)." Vega v. Weeks Wholesale Rose Grower, Inc., 2007 WL 587005, at *1, 2007 U.S. Dist. LEXIS 12669 (E.D. Cal. Feb. 23, 2007) (value of real property considered in assessing various plaintiffs' in forma pauperis eligibility), report and

recommendation adopted, 2007 WL 809616 (E.D. Cal. Mar. 13, 2007) (Case No. 1:07-cv-0225 OWW-TAG).

The Ninth Circuit has agreed that "'the privilege of proceeding in forma pauperis is a matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances.'" Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963) (quoting appellant brief). Before this court will rule on plaintiff's application to proceed in forma pauperis, plaintiff will be required to submit additional information under penalty of perjury concerning his real property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within twenty-one (21) days after service of this order, submit a supplemental affidavit that accurately identifies the nature, location, value and current use of his "land in Shasta County," including any actual or potential rental income.

2. Failure of plaintiff to timely submit this supplemental affidavit will result in a recommendation that this action be dismissed without prejudice.

DATED: July 14, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE